## Lewis v. Geisinger Medical Center

*Robert E. Bull,* for plaintiffs.

*F. Porter Wagner,* for defendants.

KREISHER, P. J., March 28, 1963. — Kathleen C. Lewis, while a patient at the Geisinger Medical Center for bronchial asthma, was treated with a Parke, Davis drug called chlormycetin which was prescribed by two doctors and is alleged to have caused serious blood disorders. The above captioned action was instituted by complaint in trespass. Defendants served interrogatories on plaintiffs asking for the name and address of all witnesses plaintiff will call, identifying those who will be called as experts, their qualifications and specialties, the name of the firms or institutions with which they are presently associated or connected. Interrogatory number 9 states:

"Please obtain and submit, with the answers to these interrogatories, medical reports from the doctors named in the answer to interrogatory Number 7 above, such reports to contain a diagnosis of any illness from which the plaintiff-wife may have been suffering at the time of said admission and since, the cause thereof, and a prognosis."

Plaintiff filed objections and asks to be relieved from answering these questions at this stage of the proceedings, because wife-plaintiff is presently hospitalized in Colorado and, hence, "the name or names, addresses, qualifications and affiliations of the doctors presently treating her and others, doctors, experts, or otherwise, who may be witnesses at the trial cannot be adequately ascertained within the time allotted for the answering . . . the interrogatories are beyond the scope of written interrogatories to an adverse party permissable under Pa. R. C. P. 4005."

The case was placed on the argument list, counsel appeared and was heard. Written briefs have been

filed and the matter is before us for disposition. Defendants contend the information requested is within the scope of inquiry permitted by the rule and while the hospitalization of the wife-plaintiff might have been the basis of a request for an extention of time for filing the answers, it is not a valid objection or reason for not answering the inquiries.

The defendants' interrogatories were filed pursuant to Pa. R. C. P. 4005. Subdivision (a) of this rule provides that:

". . . Subject to the limitations provided by Rule 4011 any party may file and serve upon any adverse party written interrogatories to be answered by the party served, and subdivision (c) provides that such interrogatories may relate to any matters which can be inquired into under Rule 4007. Rule 4007 (a) provides that any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses and, subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation for trial of the case.

"Rule 4011 is a general rule of limitation on the scope of discovery and inspection. It excludes any discovery which is sought in bad faith and forbids any discovery which causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party. It likewise prohibits the discovery of privileged matter and the disclosure of any secret process, development or research. It likewise prohibits discovery which would disclose reports, statements, information or other things made or secured by any person or party in anticipation of litigation or in prep-

aration for trial. This prohibition specifically exempts information as to the identity or whereabouts of witnesses": Hill v. Mayusky, 32 Northumb. 35, 38.

Pennsylvania Rule of Civil Procedure 4009 provides, inter alia:

"Subject to the limitations provided by Rule 4007 (a) and Rule 4011, the court, on the motion of a party may (1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in possession, custody, or control . . ."

In the case of Calbar Paint & Varnish Co. v. Pierport Paint & Color Co., Inc., 13 D. & C. 2d 438, it is held that:

"The proper method for securing the production of documents is by a motion under Rule 4009 and not by a mere request . . ."

This same rule would apply to a request for the production of documents or reports by way of interrogatories. In the case of Owen v. Monaco, 23 D. & C. 2d 520, it was held that the notes made by plaintiff's doctor at the time he examined plaintiff following the accident out of which the action arose are not subject to discovery. On page 521 of the opinion, it is stated:

"In the first place, we question whether the doctor's notes are subject to discovery at all. In Goodrich-Amram, comment under Pa. R. C. P. rule 4010-9, at page 196, the comment is made: 'Neither party has a right to the report of the physician whom his opponent has engaged.' "

The court then discussed the reason for the ruling and bolsters the conclusion by holding Pa. R. C. P. 4011 (b) expressly forbids the granting of the request because the rule provides:

"No discovery or inspection shall be permitted which . . . (b) causes unreasonable annoyance, embarrass-

ment, expense or oppression to the deponent or any other person or party."

The court's refusal of discovery respecting doctor's reports under the rules has been extended to the refusal of discovery respecting doctors' professional opinions: Wright v. Philadelphia Transportation Company, 24 D. & C. 2d 334. From the foregoing it appears plaintiffs' objection to defendants' interrogatory number 9, above quoted, must be sustained.

In regard to the request for the discovery of witnesses to be called by plaintiff at the trial, it goes without saying that malpractice suits present certain inherent difficulties peculiar to this type of action; because of the character of the witnesses and the nature of their testimony it is often difficult to definitely determine in advance which witnesses will or will not be called upon to testify.

In Ludwig v. Philadelphia Transportation Company, 14 D. & C. 2d 432, the court held that Pa. R. C. P. 4007 should be reasonably applied for the purpose of divulging the names of witnesses in advance so as to reduce the element of surprise at the trial, but it should not be used as a trap to require plaintiff to be bound by his answer so that he would be required to subpoena and call every person listed, nor should the rule be applied to prevent him from calling other persons not named if other witnesses are discovered after answering the interrogatory.

Pennsylvania Rule of Civil Procedure 4006 requires that the answers to interrogatories must be filed within 20 days after service and under oath. Since plaintiff is still under treatment and hospitalization, it is possible plaintiff may wish to call witnesses at the trial which are unknown at this time. The dual purpose justifying discovery is stated in Rule 4007(a) that it "will substantially aid in the preparation of the pleadings or the preparation or trial of the case." The

nature of the interrogatories filed in this case indicate the purpose is for trial rather than in aid of the preparation of the pleadings and this was conceded by defense counsel at the oral argument; therefore, time is not of the essence and no apparent harm would result from delaying the time to answer the request for the discovery of the witnesses whom plaintiff will call at trial. This is especially true since plaintiff is still hospitalized and the case could not be called for trial at the May term of court. The next term will be in September and perhaps by the time the trial list opens for that term plaintiff will be ready for trial and then be required to comply with the request to avoid surprise at the time of trial.

In the recent case of Dornan v. Johnston, 27 D. & C. 2d 347, the court in a malpractice case deferred the request for discovery of witnesses to be used at the trial and the adverse parties' answer thereto until the case is placed on the trial list and both parties report the case is ready for trial. The reasons stated for adopting this procedure, in addition to those already mentioned, applies only to this type of case and is stated on page 350 of the opinion as follows:

"In malpractice cases, it is well known that plaintiffs have great difficulty in obtaining expert witnesses to testify as to the standard of care and deviations from the standard by physician defendants. Great harm would result from giving defendants the opportunity of contacting and influencing expert witnesses against testifying against a fellow physician. Also disclosure of the names of the expert witnesses prior to trial might subject the experts to humiliation, harassment and embarrassment. This could discourage his testimony and could be avoided by disallowing the disclosure of the experts names until the trial is imminent, at least until the trial list has been called and both parties report that the case is ready for trial."

38

We are inclined to follow the procedure suggested in the Dornan case of deferring the time for filing the requested answers. However, we do not adopt the final conclusion or order of court sustaining the objections, as this would place an additional burden upon defendants of preparing and filing a duplicate pleading; then plaintiff could demand an additional 20 days to answer which could extend to or beyond the trial date with no advantage to defendant. Therefore, we conclude defendants interrogatories 1, 2, 3, and 4 remain in full force and virtue, with the time for filing answer thereto extended by leave of court. Answers have been filed to numbers 5, 6, 7 and 8, and the objection to number 9 must be sustained.

*Order of Court*

And now, March 28, 1963, it is hereby ordered and decreed that plaintiffs' objection to defendants' interrogatory number 9 be and the same is hereby sustained. It is hereby further ordered and decreed that plaintiffs' objections to defendants' interrogatories numbers 1, 2, 3, and 4, be and the same are hereby dismissed with reservation that plaintiffs shall not be required to file their answers to said interrogatories until ten days after the case has been placed upon the trial list and both parties report that the case is ready for trial.